25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Judith Ann RABB; Ernest Rabb, Plaintiffs-Appellants,
v.
AMERICAN SHELTER COMPANY, INCORPORATED, d/b/a La Vista
Apartments, Defendant-Appellee.
 No. 93-2056.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1994.
Decided June 14, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. WIlliam B. Traxler, Jr., District Judge. (CA-92-2651-62)
 Dick James, G. Lance Morris, Greenville, SC, for appellants.
 William Alexander Coates, Love, Thornton, Arnold & Thomason, P.A., Greenville, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On September 17, 1990, Judith Rabb received numerous stings to her right foot from yellow jackets feeding on a piece of watermelon. The watermelon was on the ground inside a fenced area around the dumpsters at her apartment complex. Rabb, who is allergic to such stings, ultimately had her foot and part of her leg amputated. Judith and her husband, Ernest, filed this action against American Shelter Company, Inc., (American Shelter) seeking damages for Judith Rabb's injuries and Ernest Rabb's loss of consortium. The Rabbs appeal the district court's entry of summary judgment on their claim that American Shelter breached its duty of care under the South Carolina Residential Landlord Tenant Act (SCRLTA), S.C.Code Ann. Secs. 27-40-10 to -940 (Law. Co-op.1991).* We affirm.
 
 
 2
 We review the grant of summary judgment de novo. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109 (1991). All facts, and inferences drawn from those facts, are viewed in the light most favorable to the non-moving party. Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S.1991). The district court may enter summary judgment when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 3
 The SCRLTA imposes a duty on the landlord to "keep all common areas of the premises in a reasonably safe condition, and, for premises containing more than four dwelling units, keep in a reasonably clean condition." S.C.Code Ann. Sec. 27-40-440(a)(3). The South Carolina Court of Appeals has held that the statute creates a cause of action for a tenant of residential property against the landlord, "for failure, after notice, to make necessary repairs and to do what is reasonably necessary to keep the premises in a habitable condition." Watson v. Sellers, 385 S.E.2d 369, 372 (S.C. Ct.App.1989). The SCRLTA is in derogation of the common law and is therefore strictly construed. Id.
 
 
 4
 The undisputed evidence before the district court established that the Rabbs had previously complained to the manager's office at La Vista two or three times in a year concerning garbage left outside the dumpster but within the fenced area. Apartment maintenance workers cleaned up the trash following the complaints. Tenants were responsible for putting their trash in the dumpsters. The management had a policy that maintenance workers check the dumpster area once a day and place any trash in the fenced area into the dumpsters. Judith Rabb did not assert that any other trash besides the piece of watermelon was on the ground when she was stung. Most importantly, there had been no prior reports or complaints of yellow jackets around the dumpster.
 
 
 5
 The Rabbs argue that a jury should decide whether American Shelter's policy of having the dumpster area checked once a day satisfied its obligation under the statute to maintain the common areas in a reasonably safe and clean condition. However, there is nothing in the material before us to indicate that American Shelter had notice of a problem with bees around the dumpsters. Because the Rabbs must show that American Shelter had "notice of [the] dangerous condition," to establish a breach of duty under the SCRLTA, Watson, 385 S.E.2d at 376, they have failed to make out a prima facie case. In view of the failure of proof concerning this essential element of the Rabbs's case, entry of summary judgment was proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately pres ented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Rabbs also asserted a claim based on the common law in the district court. The district court's grant of summary judgment on that claim is not challenged on appeal